```
         IN THE UNITED STATES DISTRICT COURT FOR
         THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                              *
WALTER ORILEY POINDEXTER,
                              *
     Petitioner,
                              *
         v.                       CIVIL NO.:   WDQ-05-0829
                              *   CRIMINAL NO.: WDQ-03-0213
UNITED STATES OF AMERICA,
                              *
     Respondent.
                              *

*   *   *   *   *   *   *   *   *   *   *   *   *
```

MEMORANDUM OPINION

The Fourth Circuit vacated this Court's denial of Walter Oriley Poindexter's ("Poindexter") § 2255 motion and remanded for an evidentiary hearing. This Court held a hearing on June 5, 2008, regarding whether, after sentencing, Poindexter requested that his attorney file a notice of appeal. The parties have filed post-hearing briefs. For the following reasons, Poindexter will be granted leave to file an appeal.

I. Background

On May 1, 2003, Poindexter was indicted for conspiracy to distribute, and possession with the intent to distribute, heroin in violation of 21 U.S.C. § 846. On October 23, 2003, a superseding indictment charged Poindexter with 3 additional counts of distributing heroin and aiding and abetting, under 21 U.S.C. § 841(a)(1) and (b)(1)(C), and 18 U.S.C. § 2.

Poindexter's trial began on December 1, 2003, and on

1

December 4, 2003, Poindexter pled guilty to three counts of distribution of heroin.  In his plea agreement Poindexter waived his right to appeal any sentence imposed within the guidelines and below the statutory maximum.  On March 12, 2004, Poindexter received a guidelines sentence of 168 months imprisonment.

On March 28, 2005, Poindexter filed a motion to vacate his sentence under 28 U.S.C. § 2255.  Poindexter alleged that he had received ineffective assistance of counsel because--against Poindexter's request--his lawyer had not filed an appeal.  On August 8, 2005, the Court denied Poindexter's motion, holding that his sentence was within the guidelines, and he had waived his right to appeal.  Poindexter filed a motion for a certificate of appealability, which the Court denied on September 27, 2005. Poindexter then applied for a certificate of appealability in the Fourth Circuit, which was granted on July 12, 2006.

On June 28, 2007, the Fourth Circuit vacated this Court's denial of Poindexter's § 2255 motion and remanded.  That Court held that "[o]nce Poindexter unequivocally instructed his attorney to file a timely notice of appeal, his attorney was under an obligation to do so."[1]  *United States v. Poindexter*, 492 F.3d 263, 269 (4th Cir. 2007).  Because his attorney's conduct

---

[1] Because this Court had not held an evidentiary hearing to determine whether Poindexter had instructed his attorney to file an appeal, the Fourth Circuit, viewing the facts in the light most favorable to Poindexter, assumed that he had. *Poindexter*, 492 F.3d at 269.

2

had resulted in Poindexter's loss of his opportunity to appeal, prejudice was presumed under the second prong of *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *Poindexter*, 492 F.3d at 269 (*citing Roe v. Flores-Ortega*, 528 U.S. 470, 483 (2000)). The Government argued that *Flores-Ortega* was distinguishable because it did not involve a waiver of appeal, but the court held that "an attorney is not at liberty to disregard the appellate wishes of his client," regardless of a waiver. *Id.*

The Government argued that the Fourth Circuit's rule deprived the Government of the benefit of its bargain in the plea agreement. *Id.* The court rejected the argument, stating that if an appeal or a § 2255 motion were filed the Government could then raise the waiver argument. *Id.* at 271-72. The Fourth Circuit held that "an attorney is required to file a notice of appeal when unequivocally instructed to do so by his client, even if doing so would be contrary to the plea agreement and harmful to the client's interests." *Id.* at 273. The Circuit court vacated and remanded to this Court for an evidentiary hearing to determine whether Poindexter had instructed his attorney to appeal. On June 5, 2008, the Court held a hearing.

II. Analysis

A. Standard of Review

The Sixth Amendment guarantees the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To

prove ineffective assistance of counsel, Poindexter must show that: (1) counsel's deficient performance (2) prejudiced his defense.  *Id.* at 687.  Poindexter must establish that counsel made errors so serious that "counsel's representation fell below an objective standard of reasonableness."  *Id.* at 688.  Poindexter must also demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.

Judicial scrutiny of attorney performance asks whether counsel's assistance was reasonable under the circumstances.  *Id.* at 688.  This scrutiny is highly deferential.  *Id.* at 689.

B. Deficient performance

"[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable."  *Flores-Ortega*, 528 U.S. at 477.  If the defendant did not request an appeal, the lawyer has a duty to consult with the defendant about an appeal when (1) a rational defendant would want to appeal, or (2) the defendant reasonably demonstrated that he wanted an appeal.  *Id*. at 480.  Courts consider all of the information defense counsel knew or should have known.  *Id.*  A relevant factor is whether the conviction was a result of trial or a plea because a plea reduces the scope of appealable issues and may indicate that the defendant sought an end to his case.  *Id.*

Poindexter testified that immediately after he was sentenced he told trial counsel, Arcangelo Tuminelli, that he wanted to appeal.  Hrg. Tr., 12, June 5, 2008.  Poindexter said that he again asked Tuminelli to appeal in the holding cell after sentencing.  *Id.* at 13-14.  Also, Poindexter stated that soon after sentencing, while in jail, he called Tuminelli and reaffirmed that he wanted to appeal.  *Id.* at 14-15.

Corporal Theresa Rhyne, a correctional officer who was then a liaison with the U.S. Marshal, testified that Poindexter had asked to appeal.  Rhyne stated that--while escorting him from prison--Poindexter asked her to call Tuminelli to find out if Tuminelli was going to file an appeal.  *Id.* at 4.  Rhyne said that she left Tuminelli a message, and Tuminelli returned her call and said that he would file the appeal.  *Id.* at 5.

Tuminelli testified that he was never asked to file an appeal.  *Id.* at 97.  Tuminelli repeatedly said he would have remembered if Poindexter had requested an appeal because it would have shocked him.  *Id.* at 77.  However, he admitted that he has practiced law for 29 years, had about 25 clients at a time, and cannot remember which clients asked for appeals.  *Id.* at 77, 87.  Tuminelli could not recall whether he had met with Poindexter in the holding cell after sentencing, but admitted it was possible.  *Id.* at 81.  Tuminelli also admitted that he could not remember every conversation he had with Poindexter.  *Id.* at 87-88.

5

Poindexter's testimony is corroborated by Corporal Rhyne's unequivocal testimony.  Rhyne is a correctional officer with no known connection to Poindexter.  The disputed conversations occurred more than four years ago and Tuminelli has since had, by his own calculation, about 100 clients.  It is understandable that Tuminelli may not recall Poindexter's request.  Given the evidence, the Court finds that Poindexter asked Tuminelli to file a notice of appeal.

C. Prejudice

If defense counsel ignores a direct request by the defendant for an appeal, "prejudice is presumed because it results in the forfeiture of the appellate proceeding."  *Poindexter*, 492 F.3d at 268.  If the defendant did not instruct his attorney and his attorney did not consult with the defendant, prejudice is presumed "if the defendant can show that, had he received reasonable advice from his attorney, he would have instructed his attorney to file a timely notice of appeal."  *Id.* at 268-69; *see Flores-Ortega*, 528 U.S. at 484.  Whether the defendant has shown prejudice is a case-by-case determination, and relevant considerations are whether there were nonfrivolous grounds for appeal or the defendant promptly expressed a desire to appeal.  *Id.* at 486; *Poindexter*, 492 F.3d at 269.  Having found that Poindexter asked Tuminelli to file a notice of appeal--which Tuminelli never did--prejudice is presumed and Poindexter is

6

entitled to an appeal. *Poindexter*, 492 F.3d at 268.

## III. Conclusion

For the reasons discussed above, Poindexter will be granted leave to file an appeal.[2]

October 7, 2008                                      /s/
Date                                              William D. Quarles, Jr.
                                                   United States District Judge

---

[2] Poindexter wants to appeal his classification as a career offender. Hrg. Tr. at 13, 15. In his plea agreement, however, Poindexter waives the right "to appeal whatever sentence is imposed, including any issues that relate to the establishment of the guideline range, reserving only the right to appeal from an upward or downward departure from the guideline range that is established at sentencing." Plea Agreement at ¶ 8. Poindexter was sentenced within the guidelines.