**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-5029

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

WALTER ORILEY POINDEXTER,

    Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. William D. Quarles, Jr., District Judge. (1:03-cr-00213-WDQ-1)

Submitted: August 17, 2009   Decided: September 2, 2009

Before MOTZ and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed in part; affirmed in part by unpublished per curiam opinion.

Michael E. Lawlor, LAWLOR & ENGLERT, LLC, Greenbelt, Maryland, for Appellant. Harry Mason Gruber, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Walter Oriley Poindexter pled guilty pursuant to a plea agreement to distribution of heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) (2006), and aiding and abetting, in violation of 18 U.S.C. § 2 (2006), and was sentenced to 168 months in prison. Poindexter did not immediately file a direct appeal but after this court considered Poindexter's appeal of the district court's order denying his 28 U.S.C. § 2255 (West Supp. 2009) motion and determined that a waiver of appellate rights in a plea agreement does not absolve counsel of the duty to file an appeal upon request, see United States v. Poindexter, 492 F.3d 263, 271-73 (4th Cir. 2007), Poindexter filed this belated but timely appeal pursuant to Anders v. California, 386 U.S. 738 (1967). In the Anders brief, counsel states that there are no legitimate grounds for appeal, but questions the validity of Poindexter's career offender classification as a possible issue for review. Poindexter filed a pro se supplemental brief, in which he challenges only his Guidelines range calculation. The Government moves to dismiss the appeal, asserting that Poindexter waived his right to appeal his sentence in his plea agreement.

Upon review of the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Poindexter knowingly and voluntarily waived his right to appeal his

sentence so long as it was a within-Guidelines sentence. Further, because neither counsel nor Poindexter raise any issues outside the scope of the waiver, we enforce the agreement's terms and grant the Government's motion to dismiss the appeal as to Poindexter's sentence. Because the appellate waiver pertains only to Poindexter's sentence, however, we have reviewed his convictions pursuant to <u>Anders</u>. Having done so, we find no meritorious issues for appeal. Accordingly, although we dismiss this appeal to the extent it seeks review of Poindexter's sentence, we affirm as to Poindexter's convictions.

This court requires that counsel inform Poindexter, in writing, of his right to petition the Supreme Court of the United States for further review. If Poindexter requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Poindexter. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

<u>DISMISSED IN PART,</u>
<u>AFFIRMED IN PART</u>

3